IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                        Plaintiff,<br>v.<br><br>PCM VENTURE 1, et al.,<br><br>                        Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-366 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

      This is an action brought by *pro se* Plaintiff Ronald Emrit.  Mr. Emrit is "suing to get an injunction mandating that all five defendants lower the price of Viagra or sildenafil to make it more affordable for the plaintiff."[1]  Mr. Emrit further states in his Complaint that he "has never purchased Viagra or sildenafil directly from any of the five defendants and therefore has not suffered any punitive, compensatory, or treble damages."[2]  But, Plaintiff seeks an injunction mandating that he could purchase pills "containing 100 mg of sildenafil as opposed to the less potent amount of 50 mg of sildenafil."[3]

      Mr. Emrit is a citizen of Nevada Las Vegas and alleges this court has jurisdiction over this matter because there is full and complete diversity of jurisdiction.  He further alleges that there is a federal question arising out of whether or not it is constitutional for the FDA and DEA to heavily regulate the sale of Viagra or sildenafil where it is not covered by Medicare or Medicaid.[4]  Finally, Mr. Emrit claims the "amount in controversy exceeds $75,000 only if the court believes that the plaintiff is entitled to the $100,000 worth of punitive compensatory and

---

[1] Complaint p. 2, [docket no. 3](docket no. 3).

[2] *Id.*

[3] *Id.*

[4] *Id.* at p. 6.

treble damages. However, the plaintiff is only seeking the equitable remedy of an injunction as he had never personally purchased Viagra or sildenafil directly from any of the five defendants."[5]

Federal subject matter jurisdiction is elemental. It cannot be consented to or waived and its presence must be established in every case under review in the federal courts.[6] Satisfaction of the diversity of citizenship requirements found in 28 U.S.C. §1332(a), including the amount in controversy requirement, is determined as of the date that suit is filed. This is commonly referred to as the "time of filing" rule.[7] When the amount in controversy is not met at the time of filing a court may dismiss the action for lack of subject matter jurisdiction.[8]

Here, Plaintiff admits he has not suffered any punitive, compensatory, or treble damages and asserts that the amount in controversy exceeds $75,000 "only if the court believes that the plaintiff is entitled to the $100,000 worth of punitive compensatory and treble damages."[9] The court cannot find plaintiff is entitled to any damages when he asserts in his Complaint that he did not suffer any damages. Further there is no substantive evidence that the injunctive relief sought by Mr. Emrit exceeds the threshold amount. The court finds that the amount in controversy requirement is not met and therefore this case should be dismissed for want of jurisdiction.

---

[5] *Id.*

[6] *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1135 n.4 (10th Cir. 2010) ("[W]e must satisfy ourselves not only of our own jurisdiction, but also that of the lower courts in the cause under review.") (quoting *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir.2004)) (internal quotation marks omitted).

[7] *See St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 289-290 (1938); *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59 62 (2nd Cir. 1999).

[8] *See Johnson v. National Ass'n of Securities Dealers, Inc.*, 86 F.3d 1166 (10th Cir. 1996): (affirming dismissal of action because the amount in controversy requirement was not met and there was no federal question); *Brewer v. Brewer*, 17 Fed.Appx. 866 (10th Cir. 2001) (dismissing case for lack of jurisdiction because the amount in controversy requirement was not met).

[9] Complaint p. 6.

Finally, Plaintiff alleges in his Complaint that this case involves a federal question regarding the FDA and DEA regulation of Viagra and sildenafil.  Mr. Emrit cites no authority for this position.  To assess the presence of a federal question, the undersigned looks to the "face of the complaint"[10] and asks is it "drawn so as to claim a right to recover under the Constitution and laws of the United States"?[11]  Here, Plaintiffs broad assertions are insufficient to support federal question jurisdiction.  In short, the court finds there is no federal question jurisdiction and this matter should be dismissed.

## RECOMMENDATION

As set forth above this court lacks jurisdiction over this matter.  Therefore the undersigned RECOMMENDS that this case be DISMISSED for want of jurisdiction.  The remaining Motion in Limine should be denied or deemed moot.[12]

Copies of the foregoing report and recommendation shall be mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy.[13]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 May 2015.

Brooke C. Wells
United States Magistrate Judge

---

[10] *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir.1999) ("[F]ederal question jurisdiction must appear on the face of the complaint....").

[11] *Bell v. Hood*, 327 U.S. 678, (1946).

[12] Docket no. 4.